WATERS vs. GRACE & MURRAY.

The plaintiff, in an action for money had and received, having introduced evidence conducing to show the receipt of the money by the defendants, and his right to it at the time of the receipt, the court erred in excluding it from the consideration of the jury.

An attorney has a lien upon the funds of his client in his hands for labor and money expended about the business of that fund, but not for any services or costs about other business of his client.

*Appeal from Jefferson Circuit Court.*

Hon. J. GOULD, Special Judge.

BELL & CARLTON, for appellant.

GALLAGHER, for appellees.

Mr. Justice FAIRCHILD delivered the opinion of the Court.

In 1856, Grace & Murray, partners in the practice of the law, had in their hands for collection, a demand of M. Greenwood & Co., upon Rayburn & Atkins, which was afterwards collected. From some dealing between Greenwood & Co., and Waters, the

latter claimed the proceeds of the demand from Grace & Murray, as belonging to himself. A part of the money collected was paid to Waters, and this suit was brought for the residue. The defence is that Waters has no legal right to the money upon which the suit can be sustained, and that the money is properly retained by Grace & Murray, in payment of a debt Greenwood & Co. owe to them.

By the deposition of Thomas E. Adams, one of the firm of M. Greenwood & Co., Waters proved facts that abundantly show his right to the money, as between himself and Greenwood & Co., and the charge of Grace and Murray, for previous business performed for Greenwood & Co., was not proper to be taken out of the money sued for ; as it had been embraced in a settlement made between Grace & Murray and Greenwood & Co.

But as the deposition of Adams was objected to on account of his interest, as one of the firm of Greenwood & Co., it may be seen what other testimony tends to support the cause of action.

D. W. Carroll testifies that, by the authority of Murray, he made out the accounts of Grace & Murray, with Greenwood & Co., in which the former firm was charged with the amount of the money collected from Atkins & Rayburn, and credited with the commission for collecting it, with six 15-100 dollars for costs paid for Greenwood & Co., and with two hundred and fifty dollars for a fee in a case of Bell, administrator of Byrd, against Greenwood & Co., leaving a balance due from Grace & Murray of one hundred and eighty 55-100 dollars, and that this was paid to Waters. This testimony shows an acknowledgment of the receipt of the money which is the object of this suit, and that Grace & Murray recognized the right of Waters to receive, but whether as his own or for Greenwood & Co., is not made known. There is other testimony in the case in the shape of admissions made in court, and in the evidence of Bell, to the same effect as Carroll's testimony, but showing that Grace & Murray paid the money to Waters on his represen-

tation, that it belonged to him; and that they did not assent to his right legally to demand it of them.

Although our opinion might be that there was evidence enough without the deposition of Adams, to make Grace & Murray liable to Waters for the two hundred and fifty-six 15-100 dollars, which they retained as due to them from Greenwood, that is a question for the proper tribunal and not for us to decide. But the evidence of Carroll and Bell, and of the admissions made in court by the defendants, was proper to be given to the jury for their consideration. The alleged incompetency of Adams to be a witness did not affect this evidence; it was not dependent upon his deposition; and it has not been explained to us why all the evidence of Waters should have been excluded, though the court below supposed that of Adams to be incompetent, as the testimony of an interested witness. A charge was made upon Grace & Murray, by the evidence of the plaintiff, that was entirely disconnected from the evidence contained in the deposition of Adams; while the claim made by Grace & Murray to relieve themselves from the charge, was but a simple indebtedness from Greenwood & Co., to them, which was no lien upon the money collected from Rayburn, or Atkins & Rayburn, whether the money belonged to Greenwood & Co., or to Waters. Grace & Murray could well retain out of that money their charges for collection, but the other charges were mere demands against Greenwood & Co., which, however just they may have been, could not be retained out of this fund in controversy. If Greenwood & Co. owed Grace & Murray for services in the suit charged for in the account which Carroll stated, they could resort to the law to collect the debt, or set it off in any demand Greenwood & Co. should prosecute against them; but an attorney's lien is not a charge upon a fund for any services or costs, but those that relate to labor and money expended about the business of that fund.

Without deciding the question of Adams' incompetency, which is not properly before us, we are clearly of the opinion

that the court erred in excluding all of the testimony adduced by Waters, and for so doing, its judgment is reversed.